```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION


HEATHER PHILLIPS                                        PLAINTIFF
ON BEHALF OF HERSELF AND
ALL WRONGFUL DEATH BENEFICIARIES
OF GAGE ALLEN

VS.                             CIVIL ACTION NO: 5:14-cv-35-DCB-MTP

WAL-MART STORES EAST LP                                 DEFENDANT
```

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Defendant's, Wal-Mart Stores East LP, ("Wal-Mart") Motion for Summary Judgment **[docket entry no. 61]**. Having reviewed the motion and responses, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Procedural and Factual Background

Just after 1:00AM on September 2, 2013, A. M., a fourteen year old, entered the Wal-Mart in McComb, Mississippi. A. M. proceeded to the beer aisle, lingered for approximately two minutes while a Wal-Mart employee stocked shelves on that aisle, and then concealed a twelve pack of beer in his backpack. A. M. walked out to a waiting vehicle and shared the beer with three other minors, C. D., A. R., and Gage Allen. They began to drink the beer and drove to a house in nearby Magnolia. They entered the home with the use of a spare key and procured a bottle of brown liquor and a bottle of

vodka. They took shots of the vodka. Later, C. D. drove Gage Allen and D. R. home. At approximately 5:30AM, they were involved in a single car accident, with one fatality: Gage Allen. The investigating officer concluded the accident was caused by C. D. driving under the influence.

Plaintiff Heather Phillips, mother of Gage Allen, on behalf of herself and the other wrongful death beneficiaries of Gage Allen, sued Wal-Mart in the Pike County Circuit Court on April 8, 2014. The complaint made claims for negligence per se and negligence against Wal-Mart. Not. Removal Ex. 1 ¶37, ECF No. 1-1. Defendant removed the suit to this Court on April 25, 2014. Wal-Mart filed its motion for summary judgment on March 16, 2015.

## II. Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). The moving party bears the initial responsibility of apprising the district court of the basis for its

motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the non-moving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But the nonmovant must meet his burden with more than metaphysical doubt, conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A party asserting that a fact is "genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

B. Negligence Per Se

Wal-Mart argues that the store is not liable to Plaintiff under negligence per se because the cases and statutes at issue do not apply here. Mem. Supp. 19-20, ECF No. 65. Plaintiff counters that Wal-Mart, as the holder of a permit to sell beer in Mississippi, breached a legal duty to be "minimally observant" to prevent even a shoplifter from "obtaining" alcohol. Mem. Supp. 3, ECF No. 66. The two laws relied on by Phillips are: (1) Mississippi Code Section 67-3-53 ("the state law") and (2) McComb Municipal Ordinance Section 10-41 ("the local law"). The state law provides, in relevant part, "it shall be unlawful for the holder of a permit authorizing the sale of beer or light wine . . . [t]o sell, give or furnish any beer or light wine . . . to any person under the age of twenty-one (21) years." Miss. Code Ann. § 67-3-53(b) (2012). The local law makes it "unlawful to sell, give or furnish any wine or beer . . . to any person under the age of 21 years." MCCOMB, MISS., CODE OF ORDINANCES § 10-41 (2006). The local law is derived from the state law, and therefore the Court will analyze them as one.

"To prevail on a negligence per se claim, 'a party must prove that he was a member of the class sought to be protected under the statute, that his injuries were of a type sought to be avoided, and that violation of the statute proximately caused his injuries.'" Hill v. City of Horn Lake, 160 So. 3d 671, 680 (Miss. 2015) (quoting Snapp v. Harrison, 699 So. 2d 567, 571 (Miss. 1997)).

First, the Court finds that the plaintiffs fall within the

class sought to be protected by the state law and the local law. "'The Mississippi law which prohibits the sale of beer or wine to a minor[] was adopted for the protection of the general public[,]' and . . . minors are members of that protected class."[1] Bridges ex rel. Bridges v. Park Place Entm't, 860 So. 2d 811, 814 (Miss. 2003) (quoting Cuevas v. Royal D'Iberville Hotel, 498 So. 2d 346, 348 (Miss. 1986)). Further, "[s]ociety has a greater interest in protecting the welfare of minors than other groups . . . [because m]inors comprise a larger segment of society than do the other[ groups and because t]he future of society is dependent upon the welfare and protection of its youth." Cuevas, 498 So. 2d at 348.

Second, the Court finds that the injuries were of the type sought to be prevented. These injuries include "any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person."[2] See Miss. Code Ann.

---

[1] It would appear from the case law that the only individuals excluded from this protected class are "adults who voluntarily consume alcohol and then injure themselves. . . ." Bridges, 860 So. 2d at 816; see also Cuevas, 498 So. 2d at 348.

[2] The Mississippi legislature passed Section 67-3-73 the year after Cuevas was decided. This statute limited the liability of those who sell, serve, or furnish alcohol by "declar[ing] that the consumption of intoxicating beverages . . . is the proximate cause" of injuries resulting from intoxication. § 67-3-73(1). In Bridges, the Mississippi Supreme Court "considered the interplay between its previous decisions and § 67-3-73." Glenn v. Imperial Palace of Miss., LLC, 575 F. App'x 475, 480 (5th Cir. 2014) (per curiam). The Bridges court held that the rule announced in Cuevas was still good law. Bridges, 860 So. 2d at 816. Cuevas dealt with the sale of alcohol to minors. Therefore, the Court finds that the injuries contemplated in Cuevas are the same kinds of

5

§ 67-3-73(1) (1987). Further, Mississippi Courts have previously found that the state law applied where an intoxicated minor was involved in a motor vehicle accident. See e.g., Delahoussaye v. Mary Mahoney's, Inc., 783 So. 2d 666 (Miss. 2001).

Third, however, the Court finds that there was no violation of either the state law or local law. It is obvious that Wal-Mart neither sold nor gave the alcohol to A. M. because he stole it. Thus, whether there has been a violation of either the state or local law turns on whether Wal-Mart furnished the alcohol to A. M. "When a reasonable bartender would know that the drinks are to be consumed by more than just the buyer, then the drinks are being furnished to the others." Moore v. K & J Enters., 856 So. 2d 621 (Miss. Ct. App. 2003) (relying on the foreseeability reasoning of Delahoussaye). In Delahoussaye, the Mississippi Supreme Court held that if it were found that a license holder had furnished alcohol in violation of the state law, then liability would attach for injury caused by an intoxicated minor with whom the alcohol was shared only if it were foreseeable that the first individual would share the alcohol with second. 783 So. 2d at 671-72.

But this is not the case before the Court. Wal-Mart had no knowledge that A. M. would obtain beer from its store. To furnish means to supply or give. THE AMERICAN HERITAGE DICTIONARY 540 (2d college ed. 1991). The definition contains an element of conscious action

---

injuries contemplated by Section 67-3-73.

which is not present this case. For liability to attach, there must be evidence of some decision on behalf of this defendant to provide the beer or perhaps evidence of gross negligence in the supervision of the product which could be tantamount to conferring possession to the invitee. And the Court does not find the necessary knowledge on the part of Wal-Mart here because A. M. purloined the beer. Further, the Court finds that it would be malapropos to apply the requirement that a license holder be minimally observant to these facts. The Mississippi Court of Appeals has held that "[t]he holder of a license to serve alcohol on premises, who permits large numbers of minors to enter where alcohol is served, must be minimally observant" to ensure that no minor is served. Moore, 856 So. 2d at 628. This duty does not apply first because Wal-Mart does not serve alcohol on its premises. Second, the duty is to ensure that when the license holder serves, sells, or furnishes alcohol, it does so only to those who are legally allowed to obtain it. Because Wal-Mart did not sell, give, or furnish the alcohol to A. M., there is no statutory violation and no violation of the duty to be minimally observant. Without a statutory violation, there can be no negligence per se. Therefore, the Court will grant summary judgment in favor of Wal-Mart as to this claim.

### C. Negligence

Defendant argues that the negligent and criminal actions of C. D. and A. M. were superseding, intervening events that shield Wal-

Mart from liability, regardless of whether a duty was owed and breached. Mot. Summ. J. 8-9, ECF No. 61. Plaintiff counters that the facts in the record create a jury issue as to both breach and causation. Mem. Supp. 3, ECF No. 66.

"To prove negligence, the plaintiff has the burden to establish (1) the existence of a duty owed to it by the defendant; (2) a breach of that duty; (3) a causal connection between the breach of duty and the alleged injury to the plaintiff; and (4) injury and damages." Eli Invs., LLC v. Silver Slipper Casino Venture, LLC, 118 So. 3d 151, 154 (Miss. 2013). The existence of a legal duty is a question of law, but breach is a question of fact. Id.

The general negligence inquiry as to duty is "whether the defendant 'acted as a reasonable and prudent person would have under the same or similar circumstances.'" Id. (quoting Donald v. Amoco Prod. Co., 735 So. 2d 161, 175 (Miss. 1999)). "Foreseeability is an essential element of both duty and causation." Delahoussaye, 783 So. 2d at 671.

> If a defendant's conduct is reasonable in light of the "foreseeable risks," there is no negligence and no liability. In addition, a defendant must only take reasonable measures to remove or protect against "foreseeable hazards" that he knows about or should know about in the exercise of due care. A defendant is obligated solely to safeguard against reasonable probabilities and is not charged with foreseeing all occurrences, even though such occurrences are within the range of possibility.

Donald, 735 So. 2d at 176 (internal citations omitted).

For discussion purposes assume that Wal-Mart was negligent in failing to prevent the theft of the beer. "The ultimate issue is whether such negligence, if any, was the proximate cause of" Gage Allen's death. Younger v. Hale, No. 3:04cv786, 2006 WL 2375052, at *3 (S.D. Miss. Aug. 2006). "To recover, a plaintiff must prove causation in fact and proximate cause." Patterson v. Liberty Assocs., L.P., 910 So. 2d 1014, 1019 (Miss. 2004). "Proximate cause of an injury is that which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury without the result would not have occurred." Delahoussaye, 783 So. 2d at 671.

It follows then that "under principles of 'foreseeability', a defendant may be held liable for his failure to anticipate an easily-predicted intervening cause and to properly guard against it." Southland Mgmt. Co. v. Brown ex rel. Brown, 730 So. 2d 43, 46 (Miss. 1998). But if such an intervening cause can be classified as a superseding event, the defendant may be shielded from liability. Id. "A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Id. (citing Restatement (Second) of Torts § 440 (1965)).

The Mississippi Supreme Court provided six factors for determining what is a superseding cause:

9

> (a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;
>
> (b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;
>
> (c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;
>
> (d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;
>
> (e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him;
>
> (f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.

Id.

Plaintiff contends that, under the totality of the circumstances, it was foreseeable that A. M. would share the alcohol with another. Mem. Supp. 18, ECF No. 66. Furthermore, Plaintiff contends that drunk driving is one of the most foreseeable risks of a minor consuming alcohol, and, therefore, a jury should decide whether Wal-Mart's negligence was the proximate cause of Plaintiff's injury. Mem. Supp. 18-19. But in analyzing the resulting chain of events and the superseding event factors, the Court can identify multiple acts which were not reasonably foreseeable by Wal-Mart, thus breaking any causal connection with the fatal car accident.

For instance, the Defendant in its Motion for Summary Judgment argues that, under prong (c) of the Restatement factors, it would be impossible for Wal-Mart to anticipate and guard against the minors taking and drinking more alcohol from another's home, nor could Wal-Mart be expected to have that type of foreseeability. Mem. Supp. 15, ECF No. 62, Under prong (d), the intervening force was due to a third person's act: C. D. decided to drink the beer and liquor and subsequently drive the vehicle in which Gage Allen was riding. Id. Under prong (e), the intervening force subjected a third person to liability to the Plaintiff. C. D.'s consumption and driving, could give rise to an action by Gage Allen's estate against C.D. under negligence per se for violation of Miss. Code Ann. § 63-3-70 and Miss Code Ann. § 63-11-30. Mem. Supp. 16, Id. Under such analysis, the majority of these factors weigh in favor of Wal-Mart under the theory that the minors' actions constitute superseding, intervening events.

Plaintiff argues, however, that even after the group stole beer from Wal-Mart, went to another's party's house, found liquor, and took shots, the alcohol consumed from Wal-Mart was the proximate cause of the wreck. Mem. Supp. 17-18, ECF No. 66. C. D. admits that he drank four of the stolen eight ounce cans of beer before drinking any liquor. See Ex. C, D, F, ECF No. 61. Plaintiff also provides an expert report that, based upon the facts and C. D.'s testimony, C. D. was too impaired to safely operate a motor

11

vehicle due to the beer from Wal-Mart. Aff. and Exp. Rep., ECF No. 65-9.

While the parties' discovery documents could weigh in favor of C. D.'s intoxication from Wal-Mart's beer, it is also generally established that criminal acts break any causal connection to negligence. Thornton v. Big M Transp. Co., 148 So. 3d 400, 401 (Miss. Ct. App. 2014). But not all criminal acts are superseding, intervening causes; a criminal act will only break the causal chain if it is not within the realm of reasonable foreseeability. Howse ex rel. Blasingame v. Brentwood Behavioral Healthcare of Miss., 139 So. 3d 125, 130 (Miss. Ct. App. 2014)(citation omitted).

In the present circumstances, theft, "a criminal act, beyond mere negligence" occurred. See Thornton, 146 So. 3d at 401; Williams ex rel. Raymond v. Wal-Mart Stores E., L.P., 99 So. 3d 112, 119 (Miss. 2012). Therefore, the Court in Williams is instructive here[3]: "[in] cases like the one before us, a minor's

---

[3] Even where products more dangerous than alcohol were negligently sold to a minor and injury resulted, liability has not attached to the transaction. See Robinson v. Howard Brothers of Jackson, 372 So.2d 1074 (Miss.1979). For instance, in Williams, a Wal-Mart store clerk negligently sold ammunition to a minor in violation of state and federal law, which the minor then, under the influence of alcohol, used to negligently shoot and kill his mother's boyfriend the next evening. 99 So. 3d 112, 114-15 (Miss. 2012). Though Wal-Mart was negligent, summary judgment was proper in the case as the "shooting . . . was a criminal act, beyond mere negligence. Further, nothing in the record suggest[ed] that, at the time of purchase, Walmart had any reason to believe that [the minor] would commit a criminal act." Id. at 120. If negligently selling a gun or ammo to a minor that resulted in a criminal act was not enough to establish proximate

criminal, intentional, malicious act–an act beyond mere negligence–breaks the causal connection unless the license dealer knew or had reason to know that the minor had a propensity to commit such an act." 99 So. 3d at 119. Other than one prior incident in which A. M. was caught shoplifting alcohol, under the totality of circumstances, there is nothing to suggest that Wal-Mart had reason to know that A. M. could successfully steal beer. See Dep. of A. M., ECF No. 65-6. Likewise, considering the fact that only eight of over 1,700 reported incidents of theft during 2012-2013 were related to alcohol, see Dep. Rosata 53-54, it was statistically "unlikely that the theft of alcohol would occur." Mem. Supp. 11, ECF No. 62-16. Even if Wal-Mart had reason to know of A. M., or the possibility that a teenager would be able to enter the store after midnight and steal beer due to lax security, the Court must consider the other intentional, criminal acts present here–driving under the influence and the underage possession and consumption of liquor and beer. These incidents were wrongful, intervening forces beyond any "mere negligence" on Wal-Mart's part that subject third parties to liability to the Plaintiff. Under Williams, the negligent and criminal acts, as unforeseeable superseding, intervening causes, eliminated any potential liability by the Defendant for any alleged breach of duty.

---

cause, the theft of alcohol and subsequent injury falls further outside the realm of foreseeability.

The Court has previously examined a case with similar facts and finds that its analysis applies with equal force here:

> In this case, the negligence of [Wal-Mart], if any, in failing to prevent the theft of the [beer], merely furnished the condition or occasion upon which the plaintiff's injuries were received. . . [Wal-Mart's] failure to prevent the theft did not put into motion the agency by or through which the injuries were inflicted. The agency was put into motion by the thieves themselves [when they stole the beer]. The proximate cause of the plaintiff's injuries was not the negligence, if any, of the defendant, but the intentional acts of those who stole the [beer].

<u>Younger</u>, 2006 WL 2375052, at *4. Therefore, the Court finds that the motion for summary judgment will be granted as to this claim.

### III. Conclusion

The Court finds that summary judgment is appropriate in favor of the Defendant on both claims. As to negligence per se, the Court finds that there was no statutory violation to support a finding of liability. As to the claim for negligence, the Court finds that the criminal act of theft was unforeseeable to the Defendant and therefore acted as a superseding and intervening cause.

### IV. Order

IT IS HEREBY ORDERED THAT Defendant's Motion for Summary Judgment is GRANTED.

A final judgment in accordance with Federal Rule of Civil Procedure 58 will follow.

SO ORDERED this the 24th day of June 2015.

    /s/ David Bramlette
    UNITED STATES DISTRICT JUDGE